# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

VERONICA GLOVER                    CIVIL ACTION NO. 09-978

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

VIRGINIA HESTER, ET AL.           MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion to Exclude Testimony of Plaintiff's Expert Witness, Anthony E. Juneau, Jr. ("Juneau") (Record Document 80) filed by Defendant, Virginia Hester ("Hester") in her individual capacity and her official capacity as Clerk of the Shreveport City Court. The Plaintiff, Veronica Glover ("Glover"), opposes the motion. See Record Document 89. In her motion, Hester seeks to exclude the testimony of Glover's damages expert, Anthony E. Juneau, Jr. ("Juneau"), a Certified Public Accountant, on the grounds that:

> [a]lthough Mr. Juneau may be qualified by knowledge, skill, experience, training or education to testify as an expert, his opinion regarding Ms. Glover's damages is based upon nothing more than the application of mathematics.  As such, it is not proper expert testimony.
>
> Mr. Juneau is not an economist, and he does not possess any specialized education or training to form opinions as to the assumptions to be applied in making the calculations contained in his report, other than the mathematics based on those assumptions, or in the report of Defendants' expert economist. Thus, he should not be permitted to express any opinion about the validity or appropriateness of any assumption he used when making his calculations or the validity or appropriateness of any assumptions used by Defendants' expert economist.

[Record Document 80 at 2-3].

The admissibility of Juneau's expert testimony is governed by Federal Rule of Evidence 702[1] and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993).  The function of this Court under Rule 702 and <u>Daubert</u>, and its progeny, is to serve as a gatekeeper and to ensure that any and all scientific testimony is not only relevant, but reliable.  <u>See</u> <u>Daubert</u>, 509 U.S. 579, 113 S.Ct. 2786.  Again, this gatekeeping function applies to not only scientific expert testimony, but rather all expert testimony.  <u>See</u> <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174 (U.S. 1999). Under Rule 702, the Court is concerned with three main requirements: (1) qualifications; (2) reliability; and (3) relevance.

As to Juneau's qualifications as a Certified Public Accountant, the Court has reviewed the parties' briefs, Juneau's report dated November 24, 2010, and Juneau's curriculum vitae and finds that Juneau is qualified to testify as to Glover's lost future earnings and benefits.  <u>See</u> <u>Verzwyvelt v. St. Paul Fire & Marine Ins. Co.</u>, 175 F.Supp.2d 881, 887 (W.D. La. 2001) & <u>Wilson v. Woods</u>, 163 F.3d. 935, 937 (5th Cir. 1999).  The record reflects that Juneau received his Bachelor of Science in Business Administration (Accounting) from Louisiana State University in 1996. [Record Document 80-2 at 20].

---

[1]F.R.E. 702 states:

If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Since 1997, he has worked as a senior accountant and then Certified Public Accountant. Id. Furthermore, since 2003, Juneau has offered litigation support services. Id. The Court notes that while Juneau has never qualified or testified as an expert witness, he has been retained as an expert on two occasions. Id. at 22-23. According to Juneau's report, he was asked to render an expert opinion in the following areas: "to compute the amount of lost earnings from January 2009, through October 2010, the lost future regular earnings through November 2031, the lost Deferred Retirement Option Plan (DROP) contributions and lost future retirement benefits through the life expectancy of Ms. Glover." Id. at 1. Defendant argues strenuously that:

> Mr. Juneau is not an economist, and he does not possess any specialized education or training to form opinions as to the assumptions to be applied in making the calculations contained in his report, other than the mathematics based on those assumptions, or in the report of Defendants' expert economist. Thus, he should not be permitted to express any opinion about the validity or appropriateness of any assumptions he used when making his calculations or the validity or appropriateness of any assumptions used by Defendants' expert economist.

[Record Document 80-1 at 5]. However, Juneau is a Certified Public Accountant and, as a result, possesses certain skills and specialized knowledge particular to those with an accounting background.

From this Court's review, Hester's argument is most akin to a case out of the Seventh Circuit in which a plaintiff sought to tender their Certified Public Accountant as an expert for the calculation of damages. See Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 591 (7th Cir. 2000). Tuf presented its damages (lost earnings) through its accountant, a Certified Public Accountant. In that case the defendant objected

on the grounds "he [the C.P.A.] does not have a degree in economics or statistics or mathematics or some other 'academic' field that might bear on the calculation of damages."

Id. at 591.  The Seventh Circuit reasoned:

> The notion that Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), requires particular credentials for an expert witness is radically unsound. The Federal Rules of Evidence, which Daubert interprets rather than overrides, do not require that expert witnesses be academics or PhDs, or that their testimony be "scientific" (natural scientific or social scientific) in character. Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); Smith v. Ford Motor Co., 215 F.3d 713, 718-19 (7th Cir.2000); United States v. Williams, 81 F.3d 1434, 1441 (7th Cir.1996); Morse/Diesel, Inc. v. Trinity Industries, Inc., 67 F.3d 435, 444 (2d Cir.1995). Anyone with relevant expertise enabling him to offer responsible opinion testimony helpful to judge or jury may qualify as an expert witness. Fed.R.Evid. 702; Advisory Committee's Notes to 1972 Proposed Rule 702; United States v. Navarro, 90 F.3d 1245, 1261 (7th Cir.1996); United States v. Williams, supra, 81 F.3d at 1441; City of Tuscaloosa v. Harcros Chemicals, Inc., 158 F.3d 548, 563 and n. 17 (11th Cir.1998). The principle of Daubert is merely that if an expert witness is to offer an opinion based on science, it must be real science, not junk science. Tuf's accountant did not purport to be doing science. He was doing accounting. From financial information furnished by Tuf and assumptions given him by counsel of the effect of the termination on Tuf's sales, the accountant calculated the discounted present value of the lost future earnings that Tuf would have had had it not been terminated. This was a calculation well within the competence of a C.P.A.

Id.  This case is not binding authority for this Court, but it is persuasive, and the Court agrees and adopts its reasoning.  This Court finds that Juneau is qualified to opine on *these* matters.

In determining reliability, this Court is charged with examining the process or technique used by Juneau in formulating his opinion and determining whether that process or technique is reliable.[2]   Hester does not contest the reliability of Juneau's method; however, "because Mr. Juneau is not an economist, he lacks the expertise to testify as to the validity or appropriateness of any assumptions he used in making his calculations or testifying as to the validity or appropriateness of any assumptions used by Defendants' expert in making his calculation." [Record Document 80-2 at 3].  This Court disagrees and has already addressed the issue in discussing Juneau's qualifications.  In this instance, the arguments that Hester makes go to the weight of Juneau's testimony and not its admissibility.  The weight to be given to his testimony is the sole province of the jury.

As to relevance, this Court finds that Juneau's proposed testimony is sufficiently tied to the facts of this case and that it will aid the jury in understanding and resolving the factual disputes in this case.  See Daubert, 509 U.S. at 591, 113 S.Ct. at 2796 (1993).  This

---

[2]The Court notes that Juneau's report reflects that he reviewed:

> her [Ms. Glover's] paycheck stubs from the City Court of Shreveport from 2008 to 2009.  We were also given a Shreveport City Court Pay Schedule that detailed the base pay for the various clerk positions at the courthouse based on salary levels and years of service.  We projected the 2010 through 2031 pay rates by using Ms. Glover's base pay and calculating an accumulated four percent pay increase each year.

> We were also asked to calculate the potential earnings and benefits Ms. Glover would receive as an employee of the Caddo Parish Clerk of Court.  We were provided the base pay amounts and yearly salary increases from the Caddo Parish Clerk of Court for their clerk positions.

See Record Document 80-2 at 1.

Court disagrees with Hester's contention that Juneau's testimony will not be helpful to the jury.  The Court does not find that determining the present values of various damage figures is a lay matter.  Instead, these damage computations are beyond the general ken of the average juror.  See United States v. Griffith, 118 F.3d 318, 323 (5th Cir. 1997).

The Court finds that Hester has failed to demonstrate that the "factual basis, data, principles, methods, or their application" underlying Juneau's proposed testimony has been "called sufficiently into question" under Rule 702.  Kumho Tire Co., Ltd., 526 U.S. at 149, 119 S.Ct. at 1175.  Instead, the Court finds that Juneau's testimony, as a whole, has a sufficiently reliable basis in the knowledge and experience of the relevant discipline.  See id.  Juneau's expert testimony will no doubt be subjected to vigorous cross-examination and, perhaps, the presentation of contrary evidence.  See Daubert, 509 U.S. at 596, 113 S.Ct. at 2798 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.  Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment . . . .").  Thus, the Court concludes that Juneau's qualifications and the reliability and relevance of his proposed expert testimony stand, at least for now,  on the showing made in the record.

Accordingly,

**IT IS ORDERED** that the Motion to Exclude Testimony of Plaintiff's Expert Witness, Anthony E. Juneau, Jr. ("Juneau") (Record Document 80) filed by Defendant, Virginia Hester ("Hester") in her individual capacity and her official capacity as Clerk of the Shreveport City Court be and is hereby **DENIED.**

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of April, 2011.


_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE