UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VERONICA GLOVER | CIVIL ACTION NO. 09-978 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VIRGINIA HESTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 56) filed by Defendant City of Shreveport. The motion is grounded in the argument that "the City of Shreveport cannot and does not control the actions of the Judges, Clerk of Court, or Deputy Clerks of Court, and is not the employer of the Judges, Clerks, or Deputy Clerks" See id. Plaintiff opposes the motion. [Record Document 68].

For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED**.

**FACTUAL BACKGROUND**

Veronica Glover ("Glover") began working for the Shreveport City Court in 1998 as a deputy clerk in the criminal division. [Complaint at ¶6]. Glover alleges that on July 2, 2007 and July 17, 2007, she complained to the City of Shreveport Personnel Department that she was being discriminated against by Clerk of Court, Virginia Hester because of her race. [Complaint at ¶7]. Glover contends that the City Personnel Department declined to investigate and advised her to file her complaint with the Chief Judge of the Shreveport City Court, which she did on October 1, 2007. [Complaint at ¶8]. According to Glover, her complaints of discrimination prompted Virginia Hester, a Caucasian who was the Clerk of

Court, to retaliate against her by: "mocking Glover . . . ; increasing Glover's work load to a level impossible to complete in the time allowed; micro-managing Glover's work; imposing conditions of employment upon Glover that were not imposed on her co-workers; soliciting complaints about Glover from employees and City Court patrons; threatening to terminate Glover's employment without cause; making derogatory statements to Glover about Glover for the purpose of causing Glover extreme emotional distress." [Complaint at ¶10]. Glover took time off of work under the Family Medical Leave Act in April 2008. [Complaint at ¶11]. Further, Glover alleges that after she returned to work in April 2008, Hester again harassed her. [Complaint at ¶11]. Glover contends this harassment culminated in her being terminated without cause. [Complaint at ¶¶11-12]. Glover alleges claims under Louisiana law and federal law. See Complaint and First Amended Complaint. Specifically, Glover's claims against the City of Shreveport:

    1.    Pursuant to La. R.S. 51:2256, "[t]he City of Shreveport is also vicariously liable for the wrongful conduct of Virginia Hester as a joint-employer." [Complaint at ¶40]." The City of Shreveport is an employer of Virginia Hester and Veronica Glover, to the extent that its personnel department administers the City Court's personnel policies and pays the wages of the City Court employees." [Complaint at ¶52].

    2.    "The City of Shreveport and the City Court Judges, in their official capacities, are the employers of both Virginia Hester and Veronica Glover." [Complaint at ¶44]. "They are liable under 42 U.S.C. § 1981 for damages caused to Glover by the retaliatory conduct of their supervisory, agent level employee, Virginia Hester committed because of Glover's race and/or because of Glover's complaint of race discrimination." [Complaint at ¶45].

    3.    Pursuant to 42 U.S.C. § 1983, "Hester's employers, by their actions and inactions, took official action to tacitly approve Hester's conduct." [Complaint at ¶48].

    4.    "Hester's employers are vicariously liable for Hester's acts of FMLA [Family Medical Leave Act] discrimination and retaliation against Glover." [Complaint at ¶61].

    5.    Plaintiff has also amended her complaint to include a Title VII claim against the City of Shreveport. See First Amended Complaint.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv. Corp., — F.3d —, No. 09-20188, 2010 WL 5188825, at *2 (5th Cir. Dec. 23, 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment

---

[1]The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

## LAW AND ANALYSIS

"The City of Shreveport submits that summary judgment is proper on the basis that the City of Shreveport cannot and does not control the actions of the Judges, Clerk of Court, or Deputy Clerks of Court, and is not the employer of the Judges, Clerk, or Deputy Clerks." [Record Document 56 at 1].

**42 U.S.C. § 1981**

"The City of Shreveport and the City Court Judges, in their official capacities, are the employers of both Virginia Hester and Veronica Glover." [Complaint at ¶44]. "They are liable under 42 U.S.C. § 1981 for damages caused to Glover by the retaliatory conduct of their supervisory, agent level employee, Virginia Hester committed because of Glover's race and/or because of Glover's complaint of race discrimination." [Complaint at ¶45]. The City of Shreveport argues "a 42 U.S.C. § 1981 claim against a public entity must be brought pursuant to § 1983."

In Oden v. Oktibbeha County, Miss., 246 F.3d 458 (5th Cir.2001), the Fifth Circuit held that "§ 1981 implicitly created an independent cause of action against private actors because no other statute created such a remedy," but that "Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law." Id. at 463 (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 732, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)).

Therefore, Plaintiff's § 1981 claims against the City of Shreveport must fail as a matter of law.

**42 U.S.C. § 1983 and Title VII**

Plaintiff has asserted claims against the City of Shreveport pursuant to 42 U.S.C. § 1983 and Title VII. Defendant has briefed both of these grounds in its Motion for Summary Judgment. <u>See</u> Record Document 56-1. However, Plaintiff has not briefed either of these grounds for relief in her opposition to the City of Shreveport's Motion for Summary Judgment. [Record Document 68]. Instead, Plaintiff's opposition focuses exclusively on her state law claims for retaliation. According to Plaintiff:

> The City of Shreveport's motion for summary judgment should be denied because there are disputed material facts pertaining to the City's status as an "employer." Because it paid Ms. Glover's wages and received the benefit of her duties as a clerk, the City qualifies as an "employer" under the Louisiana Employment Discrimination Law ("LEDL"). The City is a "person" subject to liability under the retaliation provisions protecting those who have availed themselves of the claim-filing procedures of the Louisiana Commission on Human Rights.

[Record Document 68 st 1-2]. Her brief then goes on to examine Louisiana state law's standard for determining who is an employer. From this Court's review, it appears as if Plaintiff has waived her § 1983 and Title VII claims against the City of Shreveport.

The Court finds that Plaintiff has indeed waived her § 1983 and Title VII claims against the City of Shreveport.

**Retaliation Pursuant to La. R.S. 51:2256**[2]

"As a matter of law, Glover has no claim for unlawful employment discrimination pursuant to Louisiana law." [Record Document 55-1 at 15]. Plaintiff argues that "[i]f the Court were to accept the Defendant's argument, the result would be to restrict the authority of the LCHR [Louisiana Commission on Human Rights] to investigate only those practices declared unlawful by this chapter." [Record Document 88-1 at 13]. This Court has ruled on this very issue twice before and found no state law claim for retaliation resulting from employment discrimination. Specifically, this Court found:

> Plaintiffs' complaint invokes the Louisiana Human Rights Act found in Title 51 of the Louisiana Revised Statutes, specifically La. R.S. 51:2232, et seq. Plaintiffs invoke Section 2256 of the Title and its ban on retaliation against a person who has opposed a practice declared unlawful by that Chapter. The statute also makes it unlawful to aid or abet a person to engage in practices declared unlawful by the Chapter. The movants argue that certain legislative changes have resulted in Section 2256 no longer providing Plaintiffs a cause of action related to employment discrimination or retaliation.
>
> The Louisiana Legislature, in 1997, repealed significant portions of the Act that were found in the relevant chapter of Title 51 and consolidated most employment discrimination laws in the Louisiana Employment Discrimination Law, found in Title 23. Title 23 does not contain a retaliation provision. Courts have since been divided as to whether Section 2256 any longer provides a cause of action. Judge Hicks recently sided with Smith v. Parish of Washington, 318 F.Supp.2d 366 (E.D. La. 2004) and dismissed a retaliation claim brought under Section 2256. LaCaze v. W. W. Grainger, Inc., 2005 WL 1629936, *4 (W.D. La. 2005). The first (and, thus far, only) Louisiana state court to speak to the issue in a published opinion was also persuaded by Smith. It held that Section 2256

---

[2] "In the alternative, defendant adopts herein the Motion for Summary Judgment filed by the defendant Judges and Clerk of Court regarding their employment decisions regarding plaintiff." [Record Document 56 at 1].

>no longer provides a viable cause of action to employment discrimination plaintiffs. Lowry v. Dresser, Inc., 893 So.2d 966 (La. App. 3d Cir. 2005). Based on those authorities, it is recommended that any retaliation or other claim based on Section 2256 be dismissed.

McCarty, et al v. Southland Builders & Associates, Inc., et al., No. 05-0497, Report and Recommendation at 2-3 (W.D. La. Sept. 13, 2005, adopted by Hicks, J. on Oct. 11, 2005).

Prior to this ruling, this Court similarly found:

>that Title 51 of the Louisiana Revised Statutes does not provide a cause of action for disability discrimination or retaliation. Smith v. Parish of Wash., 318 F.Supp.2d 366 (E.D. La. 2004). The Smith court, acknowledged "that the absence of a broad anti-retaliation provision in the employment discrimination context is regressive social policy and illogical." Id. at 373. However, the court ultimately found that in the 1997 revisions, the Louisiana legislature removed employment discrimination claims from Title 51 in order to consolidate all employment discrimination statutes under Title 23. Id. Although Louisiana law now only provides retaliation claims in cases of age and sickle cell discrimination, the Court agrees with the reasoning in Smith. Therefore, plaintiff's claims under Title 51 are dismissed.

LaCaze v. W.W. Grainger, Inc., 2005 WL 1629936 (W.D. La. 2005). Plaintiff has offered this Court no controlling cases that have departed from this approach. This Court's independent review shows this approach is still accepted.

Therefore, since Plaintiff has no cause of action for retaliation under Louisiana law, it is unnecessary for this Court to even determine if the City of Shreveport is Plaintiff's employer. The City of Shreveport is entitled to summary judgment and Plaintiff's state law claims should be dismissed.

**Family Medical Leave Act**

The Family Medical Leave Act ("FMLA") provides eligible employees up to twelve weeks of unpaid leave in any twelve-month period for personal medical conditions or to attend to familial obligations, such as caring for a loved one who has a serious health condition. 29 U.S.C. §§ 2612, 2615. The Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615, and the Act provides for a private right of enforcement, 29 U.S.C. § 2617(a). The primary aim of the FMLA is "to balance the demands of the workplace with the needs of families ... in a manner that accommodates the legitimate interests of employers...." 29 U.S.C. § 2601(b)(1) & (3). To effectuate this aim, Congress exempted "small employers," defined as employers with fewer than fifty employees. 29 U.S.C. § 2611(4)(A).    The "FMLA ... protects employees from retaliation or discrimination for exercising their rights under the FMLA." Mauder v. Metro. Transit Auth. of Harris Cty., 446 F.3d 574, 580 (5th Cir. 2006).

The FMLA does not contain any language specifically addressing the joint employment concept. The FMLA provides that "[n]ormally the legal entity which employs the employees is the employer under the FMLA." 29 C.F.R. 825.104(c). Administrative regulations interpreting the FMLA, however, provide some guidance for when a joint employment status may be found to exist:

> (a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers and facilities. Where the employee performs

> work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
>> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
>>
>> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
>>
>> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.
>
> (b) A determination of whether or not a joint employment relationship exists is not determined by the application of any single criterion, but rather the entire relationship is to be viewed in its totality. For example, joint employment will ordinarily be found to exist when a temporary or leasing agency supplies employees to a second employer.

29 C.F.R. § 825.106(a) & (b).

There are no cases in the Fifth Circuit addressing joint employment under the Family Medical Leave Act. However, this Court has found a case from the Eleventh Circuit. See Morrison v. Magic Carpet Aviation, 383 F.3d 1253, 1257-58 (11th Cir. 2004). The Eleventh Circuit focused on the control the putative joint employer supposedly had over the employee. Id. at 1258. For them, control was determinative. While their analysis is not binding, it is persuasive. Plaintiff has failed to come forward with competent summary judgment evidence to create a genuine dispute of material fact that the City of Shreveport

exercised any control over Glover. Therefore, the City of Shreveport is entitled to summary judgment on Plaintiff's FMLA claim.

## CONCLUSION

Upon independent review of the law and the facts, this Court's ruling is in conformity with every other Louisiana appellate court and federal court that has addressed this issue. According to the Louisiana Third Circuit Court of Appeals, the first court to address this issue:

> Likewise, we are of the opinion that the Parish of Rapides exercises no power or discretion in the functioning of the City Court of Pineville, Louisiana. Thus, we fail to see how any vicarious liability whatsoever exists on behalf of the Parish of Rapides for alleged tortious conduct of an employee of the constitutionally and statutorily created City Court of Pineville. Simply stated, the City Judge is a state officer, and the Clerk is his employee. The Parish of Rapides is not an employer or master of the City Court as alleged in the City of Pineville's petition. Ergo the Parish of Rapides is, under no theory, responsible for the actions of the Judge of the City Court of Pineville or those of his employees.

Cosenza v. Aetna Ins. Co., 341 So.2d 1304, 1306 (La.App.3rd. Cir. 1977). A federal court in this district ruled similarly when it found:

> Under Louisiana law, the City of Crowley cannot be held vicariously liable for the delictual acts or omissions of the employees of the Crowley City Court, who are officers and employees of the State. The City of Crowley is not the employer or master of the Crowley City Court, and hence is not liable for the negligence of Gwen Breaux.

Thibodeaux v. Arceneaux, 618 F.Supp. 24, 29 (W.D. La. 1985). Finally a court in the Eastern District of Louisiana found:

> It is clear that plaintiff's claims against the City for the actions or inactions of the judges and employees of the New Orleans

> Municipal Court are meritless. Plaintiff cannot hold the City of New Orleans accountable for those actions or inactions, because the City does not control the New Orleans Municipal Court, its judges, or its employees. Louisiana city courts, including the New Orleans Municipal Court, were created by and exist at the pleasure of the Louisiana Legislature. See LA.REV.STAT.ANN. §§ 13:2491 et seq.; see also LA. CONST. art. V, § 15(A). City court judges and employees are considered state, not municipal, officers. Thibodeaux v. Arceneaux, 618 F.Supp. 24, 29 (W.D.La. 1984) (on rehearing), aff'd, 768 F.2d 737 (5th Cir.1985); Cosenza v. Aetna Ins. Co., 341 So.2d 1304, 1306 (La.App. 3rd Cir. 1977); La. Att'y Gen. Op. No. 98-34, 1998 WL 233349 (La.A.G. Apr. 1, 1998); cf. La. Att'y Gen. Op. No. 86-301, 1986 WL 236706 (La.A.G. May 9, 1986) (city courts are "state agencies" for taxation purposes).

Barnum v. City of New Orleans, 2005 WL 3541068, *2 (E.D. La. 2005).

Therefore, this Court likewise finds the City of Shreveport is not the employer of the City Court of Shreveport, and thus is neither liable nor vicariously liable for any actions of the employees of the City Court of Shreveport. Even though Glover has presented us with W-2s evidencing the City of Shreveport pays Glover's wages and documentary evidence that shows the City Court of Shreveport utilizes City of Shreveport forms, Glover has failed to show any indicia of control exerted by the City of Shreveport upon the City Court of Shreveport. Furthermore, Glover points this Court to two e-mails exchanged between the City Court of Shreveport and the Personnel Department of the City of Shreveport to demonstrate the involvement of the City of Shreveport in employment decisions. [Record Document 56-3 at 5-6]. However, these e-mails indicate no control exerted by the City of Shreveport. Instead, the e-mails are mere technical responses to queries for technical advice in dealing with employment matters. Plaintiff has failed to present this Court with any evidence that the City of Shreveport provided more than payroll services and technical

advice to the City Court. Consequently, Glover's claims against the City of Shreveport must fail and the City of Shreveport is entitled to summary judgment.

Accordingly,

**IT IS ORDERED THAT** the foregoing motion [Record Document 56] be and is hereby **GRANTED.** Plaintiff Glover's claims against the City of Shreveport are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE